# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| ROBERT R. McKAY | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 09 C 968 |
|  | ) |  |
|  | ) |  |
| COUNTY OF COOK, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant County of Cook's (County) motion to dismiss. For the reasons stated below, we grant the County's motion to dismiss.

## BACKGROUND

Plaintiff Robert R. McKay (McKay) alleges that he worked for the County as the Safety Director of Provident Hospital (Hospital) starting in 1993. McKay claims that in February 2007, after a disagreement with a supervisor named Barbara Patterson (Patterson), in which McKay refused an order to restore the Hospital's tube

1

system, McKay was charged with insubordination and was later suspended on March 8, 2009. According to McKay, one day after he was suspended, he notified management for the County that Patterson had caused the contamination of the Hospital's tube system which had resulted in chlorine fume exposure that injured two Hospital employees. McKay alleges he also filed a report with the Chicago Fire Department about the incident.

McKay claims that on March 28, 2007, the County rescinded the discipline against him but, at the same time, notified McKay that he would be laid off due to budget cuts, effective March 30, 2007. McKay alleges that, in violation of personnel rules adopted by the County, McKay was laid off despite having more seniority than another co-worker of the same classification who was not laid off. According to McKay, the chief operating officer of the Hospital, Sidney Thomas (Thomas), overrode the decision to lay off the less-senior employee and improperly elected to lay off McKay. McKay alleges that, since he was laid off by the County, he was afforded no procedural rights to contest the decision.

McKay brought the instant action and includes a claim under 42 U.S.C. § 1983 (Section 1983) for procedural due process violations by the County (Count I), a retaliation claim under the Illinois Whistleblower Act, 740 ILCS 174/1 *et seq.* (Whistleblower Act), based on McKay's complaints to the Hospital about Patterson (Count II), and a Whistleblower Act retaliation claim based on McKay's report to the Chicago Fire Department. The County moved to dismiss all claims.

# LEGAL STANDARD

In ruling on a motion to dismiss, a court must "take all of the factual allegations in the complaint as true" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (U.S. 2009); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted) (emphasis in original)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (U.S. 2007)); *Hecker v. Deere & Co.*, 569 F.3d 708, 710-11 (7th Cir. 2009)(stating that "*Iqbal* reinforces *Twombly*'s message that '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged'") (quoting in part *Iqbal*, 129 S.Ct. at 1949).

A complaint that contains factual allegations that are "merely consistent with a defendant's liability, . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted); *see also Hecker*, 569 F.3d at 710-11 (stating that the Court in *Iqbal* "explained further that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not show[n]-that the pleader is entitled to relief'")(quoting in part *Iqbal*, 129 S.Ct. at 1949). A plaintiff is not required to "plead facts that, if true, establish each element of a 'cause of action. .

. .'" *See Sanjuan v. Amer. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later").

## DISCUSSION

The County argues that McKay's claims are barred by the doctrine of claim preclusion (*res judicata*) since the same claims were previously litigated by other courts. Specifically, the County points out that, after McKay was notified of his layoff, he filed a complaint for administrative review with the Cook County Employee Appeals Board (EAB). The County has included with its motion to dismiss portions of the administrative record from the EAB proceeding (EAB Record) which are matters of public record. (Mot. Ex. 1); *see Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994)(stating that in addition to the allegations in the complaint "'[t]he district court may also take judicial notice of matters of public record' without converting a 12(b)(6) motion into a motion for summary judgment")(quoting in part *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991)). According to the EAB Record, McKay argued at the EAB proceeding that the County's decision to lay him off was just a "smokescreen" designed to allow the County to terminate McKay's employment without the requirement of disciplinary process. (Mot. Ex. 1: 00010). However, after a hearing was held in which witnesses were called to testify and McKay was represented by counsel, the EAB issued a

written decision stating that "there is no direct evidence here that the actual reason for the [employment] action was based upon . . . the pending disciplinary proceeding . . . [n]or is there any direct evidence that the action was simply a pretext for avoiding the disciplinary process." (Mot. Ex. 1: 00012). The EAB decision went on to state that, since there was no evidence that McKay was terminated for cause, the EAB did not need to reach the issue of whether McKay's layoff was proper. (Mot. Ex. 1: 00012).

McKay appealed the decision by the EAB to the Circuit Court of Cook County, under the Illinois Administrative Review Act, 735 ILCS 5/3-101 *et seq.* (State Court Action). The County has included a copy of the complaint in the State Court Action and the final order in the State Court Action, both of which are matters of public record of which this court can take judicial notice, as exhibits to the motion to dismiss. (Mot. Ex. 2, 3). The court in the State Court Action affirmed the decision by the EAB. (Mot. Ex. 3).

Under the doctrine of *res judicata*, judgments by state courts are entitled to "full faith and credit" and subsequent actions relating to matters that were the subject of such judgments are barred. *Garcia v. Vill. of Mount Prospect*, 360 F.3d 630, 634 (7th Cir. 2004)(citing *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 481 (1986)). A district court's *res judicata* review should be based upon the applicable state law. *Id.* (stating that "[a] judgment of a state court sitting in an administrative review capacity will have preclusive effect on claims and issues brought in subsequent lawsuits according to the law of the state where the judgment was

5

rendered"). Under Illinois law, "[t]hree requirements must be satisfied before *res judicata* precludes a claim: '(1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of cause of action, and (3) there is an identity of parties or their privies.'" *Hicks v. Midwest Transit, Inc.*, 479 F.3d 468, 471 (7th Cir. 2007) (quoting in part *Nowak v. St. Rita High Sch.*, 757 N.E.2d 471, 477 (Ill. 2001). In this case, the first two factors are the only factors contested since it is undisputed that the parties to the instant action were also the parties to the earlier proceedings.

I. Final Judgment By a Court of Competent Jurisdiction

While McKay argues in opposition to the motion to dismiss that the first factor for *res judicata* is not present in this case, a close review of the filings by the parties reveals that there is little dispute about the fact that there has been a final judgment by a court of competent jurisdiction. Specifically, with respect to the EAB proceeding, the Seventh Circuit has held that, "[a]s a general matter, res judicata applies to administrative hearings if 'the administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it where the parties have had an adequate opportunity to litigate.'" *Alvear-Velez v. Mukasey*, 540 F.3d 672, 677 (7th Cir. 2008)(quoting in part *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1966)). Under Illinois law, a state agency like the EAB is considered acting under proper judicial capacity for the purposes of *res judicata* if judicial proceedings were conducted in the same manner as a trial in Illinois state court

6

would be carried out.  *Buckhalter v. Pepsi-Cola General Bottlers, Inc.*, 820 F.2d 892, 896 (7th Cir. 1987).  Factors to consider when determining whether a state agency proceeding was sufficiently similar to an Illinois state court proceeding for the purposes of *res judicata* include whether "(1) the parties were represented by counsel; (2) the parties engaged in extensive pretrial discovery; (3) the parties filed and the court received extensive memorandums of law; (4) the parties were allowed to thoroughly examine and cross-examine witnesses; (5) the parties introduced exhibits; (6) the parties argued evidentiary issues during the adversarial proceeding; and (7) the court rendered findings of fact and conclusions of law." *Id.*

In this case, it is clear from the EAB Record that the EAB proceeding was sufficiently similar to a trial in Illinois state court.  The EAB Record reflects that McKay was represented by counsel, an adversarial hearing was held, discovery was conducted, witnesses were called, and there were extensive findings of fact and conclusions of law delivered in a written decision by the EAB.  (Mot. Ex. 1). Furthermore, if that were not enough, there was also a full review of the EAB proceeding in the Illinois State Court, which issued a final order affirming the decision of the EAB.  (Mot. Ex. 3); *see Garcia*, 360 F.3d at 634 (indicating that state court "proceedings to review a state administrative agency" are entitled to "full faith and credit" and subsequent actions relating to matters that were the subject of such judgments are barred).

McKay argues that, since the finding by the EAB did not reach the issue of the propriety of McKay's layoff, there was no actual final order by a court of competent

7

jurisdiction. Such an argument, however, relates more to the second factor of whether there is identity of cause of action, since McKay is essentially arguing that the claims adjudicated in the EAB proceeding and in the State Court Action are distinguishable from the claims raised in this action. Furthermore, as will be discussed further below, although McKay relies heavily upon the EAB's statement that it would not reach the issue of whether McKay was properly laid off, it is clear from the record that the EAB did make final determinations relating to the precise claims raised in the instant action. Thus, the court finds that there was a final judgment by a court of competent jurisdiction and the first factor necessary for *res judicata* is present in this case.

II. Identity of Cause of Action

The main disputed issue with respect to the County's *res judicata* argument is whether there is identity of cause of action. Under Illinois law, to determine whether "'different kinds of theories of relief constitute[] a single cause of action for purposes of *res judicata*'" courts apply the "'transactional test'" which asks whether there is a "single group of operative facts" underlying both actions. *In re Dollie's Playhouse, Inc.*, 481 F.3d 998, 1001 (7th Cir. 2007) (quoting in part *Licari v. City of Chicago*, 298 F.3d 664, 667 (7th Cir. 2007); *Garcia*, 360 F.3d at 638 (holding that an Illinois state court judgment had *res judicata* effect since the plaintiff's claims in federal court that a pension board's denial of duty-related disability pension benefits constituted retaliation and employment discrimination, arose from the same core of

operative facts as the plaintiff's previous administrative appeal of the pension board's decision in state court). The allegations asserted by McKay in the instant action are almost identical to the allegations asserted by McKay before the EAB and later in the State Court Action. All three actions are based on the circumstances surrounding the end to McKay's employment with the County. As with the complaint in the instant action, McKay alleged before the EAB that Thomas "overrode" the decision to lay off a less-senior employee as a "smokescreen" to permit the County to terminate McKay for cause. (Mot. Ex. 1: 00010). The County also points out that, in McKay's testimony and exhibits presented to the EAB, McKay specifically raised the issue of whether his termination was in retaliation for his complaints about Patterson. (Mot. Ex. 1: 00015-17, 000068-69). Thus, it is clear that the claims asserted in the instant action and the claims asserted before the EAB and in the State Court Action arise from a single set of operative facts.

McKay's argument that the instant claims can be distinguished from the claims raised in the prior actions fails for two reasons. First, as indicated above, the EAB clearly made a final determination on the central claims disputed in this case, including whether McKay's dismissal was motivated by anything other than budgetary considerations. Specifically, the EAB held:

> On this record, we do not find sufficient evidence to conclude that the employment action was based on job performance (or lack thereof) or on any alleged misconduct. On its face it was a lay-off. . . . There is no direct evidence here that the actual reason for the action was based upon matters which formed the basis for possible discipline in the pending disciplinary proceeding. Nor is there any direct evidence that the action

9

> was simply a pretext for avoiding the disciplinary process. The mere fact that an employee is the subject of some pending disciplinary action does not, in and of itself, immunize that employee from being laid off.

(Mot. Ex. 1: 00011-12)(citations omitted). Although the order in the State Court Action was far less detailed, it is not disputed that the court in the State Court Action conducted a full administrative review of the decision by the EAB and affirmed the explicit finding by the EAB that McKay's employment ended due to a budgetary layoff, rather than an affirmative decision by the County to terminate McKay's employment for cause. Although McKay tries to argue that the claim that his employment was terminated due to misconduct is different than the claim that his employment was terminated as a result of a retaliatory animus on the part of the County, both determinations require a finding as to whether McKay was subject to a budgetary layoff or, rather, a purposeful termination.

The second reason why McKay's attempt to distinguish the claims in the instant action from the claims in the prior proceedings fails is that the doctrine of *res judicata* bars not only the claims that were "*actually* decided" in a prior action, but also claims that "'*could have been* decided in that suit.'" *4901 Corp. v. Town of Cicero*, 220 F.3d 522, 529 (7th Cir. 2000)(emphasis added). Thus, if McKay could have asserted certain claims in either of his prior actions, such claims would also be barred by *res judicata*. *See Garcia*, 360 F.3d at 634 (stating that "the doctrine of merger and bar precludes the sequential pursuit not only of claims actually litigated, but of those that could have been litigated"); *Durgins v. City of East St. Louis,*

*Illinois*, 272 F.3d 841, 843-84 (7th Cir. 2001)(stating that "[b]ecause Illinois (a) permits the joinder of § 1983 claims with administrative-review actions, and (b) applies the doctrine of merger and bar, we have held that an administrative-review action forecloses any later § 1983 action in federal court arising out of the same transaction").

Under Illinois law, McKay had the opportunity to raise all of the claims asserted in the instant action in the State Court Action, alongside his claims for administrative review of the EAB proceedings. *Durgins*, 272 F.3d at 843-84 (stating that Illinois law "permits constitutional claims (including those based on 42 U.S.C. § 1983) to be joined with administrative-review proceedings and explored in discovery"). Thus, even if McKay was correct that the EAB did not reach a determination on the precise claims asserted in the instant action, the identity of cause of action factor is met since McKay had every opportunity to litigate the exact claims raised in this action in the State Court Action. Therefore, we find that all of the factors necessary for *res judicata* are applicable in this case and we grant the County's motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, we grant the County's motion to dismiss.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: July 31, 2009